UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL E. PLANZ, II ADMINISTRATOR FOR THE ESTATE OF PAUL E. PLANZ AND PAUL E. PLANZ, II, INDIVIDUALLY | CIVIL ACTION  NO. 3:20-CV-161 |
| **Plaintiffs,** | |
| V. | |
| STEPHANIE PLANZ-SALADINO, DAVID SALADINO, AND DS RECOVERY, LLC D/B/A KATY TRAIL CRYO | FEBRUARY 4, 2020 |
| **Defendants.** | |

## COMPLAINT AND JURY DEMAND

Paul E. Planz, II, both individually and as Administrator of the Estate of Paul E Planz, by and through his attorneys, WILEY ETTER DOYON, LLC, now comes before this Court and complains of Stephanie Planz-Saladino, David Saladino and DS RECOVERY, LLC d/b/a KATY TRAIL CRYO as follows:

### I.     JURISDICTION AND VENUE

1.     Federal subject-matter jurisdiction for this claim is invoked under 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds $75,000 and the plaintiffs are citizens of Branford and East Haven, Connecticut, while the defendants are citizens of Dallas, Texas, with a principal place of business also located in Dallas, Texas.

2.     This Court's personal jurisdiction over the defendants is invoked under FRCP Rule 4(k)(1)(a), Connecticut Long-Arm Statute Conn. Gen. Stat. § 52-59b and Conn. Gen. Stat. § 33-929(f) insofar as the plaintiffs reside in Connecticut and the defendants committed fraudulent and tortious acts against the plaintiffs causing injury to person and/or property in Connecticut.

3. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(2) in that the events, acts and omissions giving rise to the plaintiffs' claims occurred in this district.

4. This Complaint is timely filed insofar as the action was commenced by a legal representative of the Estate within the required timeframe of the plaintiffs having become reasonably aware of the defendants' negligent, willful, intentional, tortious, harmful and/or fraudulent conduct. Furthermore, as a result of the defendants' fraudulent concealment of the present causes of action, the plaintiffs were not made reasonably aware of the occurrences alleged herein earlier, and any applicable statute of limitations was consequently tolled.

## II. PARTIES

5. The plaintiffs in this action are Paul E. Planz, II, Administrator of the Estate of Paul E Planz and Paul E. Planz, II, Individually (collectively referred to hereinafter as "plaintiff or plaintiffs"). Paul E. Planz passed on September 4, 2017. Paul E. Planz, II. was appointed Administrator of the Estate of Paul E. Planz on July 10, 2018 by the Branford – North Branford Probate Court, and at all times relevant to this action is operating with the authority of such appointment. (See Exhibit A of this Complaint). Furthermore, at the time of the decedent's passing through the filing of this Complaint, the plaintiffs continued to reside in Branford and East Haven, Connecticut.

6. Defendant, Stephanie Planz-Saladino is currently, and was at the time of the occurrences alleged herein, a resident and citizen of Dallas, Texas.

7. Defendant, David Saladino is currently, and was at the time of the occurrences alleged herein, a resident and citizen of Dallas, Texas.

8. Defendant, DS RECOVERY, LLC d/b/a KATY TRAIL CRYO is a domestic limited liability company, organized and existing under the laws of the State of Texas, and operating a

principal place of business at 4514 Travis St #116, Dallas, TX 75205, with a registered business address of 4412 Mckinney Ave #11, Dallas, Texas 75205.

**III.    FACTS**

9.    On September 4, 2017 Paul E. Planz died intestate and a resident of Branford, Connecticut.

10.   The only known and legally recognized heirs/beneficiaries to the Estate of Paul E. Planz are his two (2) children, Paul E. Planz, II and Stephanie Planz-Saladino.

11.   Prior to the decedent's passing, on or about March 12, 2015, Paul E. Planz purportedly designated Stephanie Planz-Saladino as a Power of Attorney for his Fidelity Account #X24-422720 and Fidelity Account #Y90-925066.

12.   The listed beneficiary for Fidelity Account #X24-422720 was Paul E. Planz II and Stephanie Planz-Saladino, in equal division.

13.   Fidelity Account #Y90-925066 had no named beneficiary and by operation of law would and did become an Estate asset. The practical legal effect being that this residual balance of this unnamed beneficiary account would also be evenly divided between the only two known beneficiaries, Paul E. Planz, Jr. and Stephanie Planz-Saladino.

14.   Pursuant to an Application for Administration, Paul E. Planz, II was appointed as Administrator of the Estate of Paul E Planz by the Branford – North Branford Probate Court on July 10, 2018 (See **Exhibit A** attached to this Complaint).

15.   Subsequent to his appointment, the plaintiff sought and acquired a Probate Court order pursuant to Connecticut General Statute Sec. 45a-175 for an accounting of the Fidelity accounts by defendant Planz-Saladino.

16. On April 8, 2019, defendant Planz-Saladino provided an intentionally misleading and vague accounting, which resulted in the Branford - North Branford Probate Court ordering defendant Planz-Saladino to prepare and file a legally sufficient accounting on or before July 1, 2019.

17. On July 17, 2019, the defendant Stephanie Planz-Saladino submitted to the Probate Court another misleading, factually devoid and legally insufficient accounting for the above referenced Fidelity accounts.

18. This most recent attempt at an accounting indicated that over $674,000.00 had been withdrawn from the Fidelity accounts by defendant Planz - Saladino and immediately placed into other checking accounts controlled and operated by the defendants and utilized for their personal benefit.

19. Upon information and belief, in the fourteen (14) months immediately preceding the defendants' involvement as Power of Attorney on Fidelity Account #Y90-925066 (January of 2014 through February of 2015), the average monthly distribution from said account was $7,142.86.

20. Upon information and belief, in the thirty (30) months that defendant Planz-Saladino held the Power of Attorney prior to the decedent's passing (March of 2015 through September of 2017), the defendant, withdrew an average of $22,066.67.

21. Upon information and good faith belief, the verified cost of expenses related to the decedent and the furtherance of his interests *only* totaled $256,513.00.

22. On or before December 28, 2015 defendants David Saladino and Stephanie Planz-Saladino used converted Fidelity funds to organize and establish DS RECOVERY, LLC d/b/a KATY TRAIL CRYO.

23. On or about July 17, 2017 Paul E. Planz was put into hospice care.

24. Two days after Paul E. Planz's hospice placement, the defendants, Saladino and Planz-Saladino intentionally used funds knowingly derived from the Fidelity accounts to initiate the first of three payments to a surrogacy escrow account, spanning from July 18, 2017 to August 7, 2017 and totaling over $39,000.00. In aggregate, all maternity/fertility/surrogacy expenditures represented over $100,000.00 in withdrawals of Fidelity funds by defendants Saladino and Planz-Saladino.

25. Further withdrawals from Paul E. Planz's accounts were used for the personal benefit of the defendants in the form of business expenses, business equipment, travel expenses, airline expenses, vacation expenses, accommodations, personal living expenses, and leisure/activity expenses.

26. Specifically the defendants used these escheated Fidelity funds to purchase for their individual/personal benefit; Porsche car(s), surrogacy attorney retainers, fertility procedures, medical prescriptions, Equinox gym memberships, personal training contracts, Sports chiropractic treatment, "Everyday Beauty Care", Women's health care appointments, health regeneration procedures, airline tickets and hotel rooms; all of which were inconsistent with Paul E Planz's interests and prior ownership rights/utilization.

27. These purchases continued even after the defendants became aware that Paul E. Planz had passed away and that the Power of Attorney's were no longer valid.

28. In the years preceding the 2019 accounting orders, the defendants, Planz-Saladino and Saladino, denied that the Fidelity funds had been used and claimed they were adequately preserved.

29. Defendant Planz-Saladino's rudimentary July 9, 2019 "accounting" irrefutably confirms that in less than two years of her having been established as fiduciary, she exercised her powers,

in concert with the co-defendants, to take account totals of $692,515.02 and deplete them to $343.93, primarily for her own personal benefit and that of her co-defendants.

## IV.     TOLLING OF THE STATUTE OF LIMITATIONS

30.     All applicable statutes of limitations have been tolled by Defendant's knowing and active fraudulent concealment and denial of the facts alleged herein up until, and even continuing past the aforementioned 2019 Probate Court proceedings.

31.     Furthermore, the plaintiffs were unable to discover neither the nature nor cause of the injuries suffered both by the Estate and individually until after the plaintiff was appointed Administrator and began uncovering the injuries caused by the defendants.

## V.     CLAIMS

### FIRST COUNT: BREACH OF FIDUCIARY DUTY VS. STEPHANIE PLANZ-SALADINO

32-63.  Plaintiff restates the allegations in paragraphs one through thirty-one as propounded above, and hereby incorporates said allegations as paragraphs thirty-two through sixty-three of this complaint.

64.     Defendant, Planz-Saladino, was charged with duties of a fiduciary upon her acceptance of her apparent appointment as Power of Attorney over both Fidelity Accounts;

65.     In having exercised her fiduciary authority, defendant Planz-Saladino acknowledged her role and its mandated duties, which required a unique degree of trust and confidence in the fiduciary, who has superior knowledge, skill, or expertise, and who has a duty to act on behalf of the interests of the principal.

66.     As such, a relationship existed between the defendant and the plaintiffs, which was characterized by a unique degree of trust and loyalty.

67.     As indicated herein, the defendant breached her duty when she withdrew money for her and her co-defendants' personal gain, to the detriment of Paul E. Planz.

68.     Defendant, Planz-Saladino, further violated Section 1-350m of the Connecticut Uniform Power of Attorney Act, in that she failed to act in good faith or with loyalty to Paul E. Planz and that she failed to keep a record of all receipts, disbursements and transactions made on behalf of the principal.

69.     The above referenced and conduct/breach caused the plaintiffs harm.

**SECOND COUNT: NEGLIGENCE VS. STEPHANIE PLANZ-SALADINO**

70-101. Plaintiff restates the allegations in paragraphs one through thirty-one as propounded above, and hereby incorporates said allegations as paragraphs seventy through one hundred and one of this complaint.

102.    Defendant had a duty to the plaintiff consistent with that of a normally prudent person elected as Power of Attorney, including properly marshalling and accounting for the principal's affairs and property.

103.    Defendant's previously described conduct breached this duty.

104.    As a factual and proximate cause of the defendant's breach of her duty, the plaintiffs have been substantially damaged through the financial loss outlined above, in addition to having to expend significant sums in order to recover said losses by way of Fiduciary and Legal Fees.

**THIRD COUNT: UNJUST ENRICHMENT VS. STEPHANIE PLANZ-SALADINO, DAVID SALANDINO AND DS RECOVERY, LLC D/B/A KATY TRAIL CRYO**

105-136. Plaintiff restates the allegations in paragraphs one through thirty-one as propounded above, and hereby incorporates said allegations as paragraphs one hundred and five through one hundred and thirty-six.

137.    The defendants received a benefit from the plaintiff, for which the defendants unjustly did not pay, earn, nor have a legally identifiable right to.

138.    In taking said benefits, the defendants caused harm and direct detriment to the plaintiffs.

**FOURTH COUNT: CONVERSION VS. STEPHANIE PLANZ-SALADINO**

139-170. Plaintiff restates the allegations in paragraphs one through thirty-one as propounded above, and hereby incorporates said allegations as paragraphs one hundred and forty through one hundred and seventy.

171.   Defendant assumed and exercised ownership over the funds of both Fidelity accounts to the exclusion of the plaintiffs' rights, and to date has refused to return such property upon lawful demand.

**FIFTH COUNT: CIVIL THEFT VIOLATION OF C.G.S. 52-564 VS. STEPHANIE PLANZ-SALADINO**

172-203.  Plaintiff restates the allegations in paragraphs one through thirty-one as propounded above, and hereby incorporates said allegations as paragraphs one hundred and seventy-two through two hundred and three.

204.  Defendant has intentionally stolen property owned by plaintiff, in violation of C.G.S 52-564 and to the plaintiffs' detriment and harm.

**SIXTH COUNT: INTENTIONAL INTERFERENCE WITH EXPECTED INHERITANCE VS. STEPHANIE PLANZ-SALADINO**

205-236. Plaintiff restates the allegations in paragraphs one through thirty-one as propounded above, and hereby incorporates said allegations as paragraphs two hundred and five through two hundred and thirty-six.

237. Defendant knew of the beneficiary status for each respective Fidelity account while preforming the tortious conduct recited in all Counts of this Complaint.

238.  Plaintiffs suffered actual damages and harm as a result of the tortious conduct referenced in the preceding paragraph.

**SEVENTH COUNT: FRAUD VS. STEPHANIE PLANZ-SALADINO**

239-270. Plaintiff restates the allegations in paragraphs one through thirty-one as propounded above, and hereby incorporates said allegations as paragraphs two hundred and thirty-nine through two hundred and sixty-nine.

271. In December of 2015, January of 2016, and June of 2017, the defendant made statements that she was properly managing the Fidelity accounts and was protecting their growth to the point of covering losses with her own personal funds.

272. Said statements were made via telephone to Paul E. Planz, Jr. while he was located in Branford, CT and the defendant was presumably at or near her residence in Dallas, Texas.

273. Defendant Planz-Saladino knew that these statements were false.

274. Defendant Planz-Saladino made these false representations in order to induce the plaintiffs into continuing to allow her to manage the Fidelity accounts, and this in fact did occur to the plaintiffs detriment.

275. As Power of Attorney, Stepahanie Planz-Saladino had a duty to inform plaintiff of the significant withdrawals from his Fidelity accounts, however the Defendant failed to apprise the plaintiff and still continues to conceal the amount and nature of these personal expenditures.

**EIGHTH COUNT: AIDING AND ABETTING VS. DAVID SALANDINO AND DS RECOVERY, LLC D/B/A KATY TRAIL CRYO**

276-307. Plaintiff restates the allegations in paragraphs one through thirty-one as propounded above, and hereby incorporates said allegations as paragraphs two hundred and seventy-six through three hundred and seven.

308. Defendant Planz-Saladino performed the wrongful acts and omissions as alleged throughout the entirety of this Complaint.

309. Defendants, David Saladino and DS RECOVERY, LLC D/B/A KATY TRAIL CRYO aided Defendant Planz-Saladino in performing the wrongful acts referenced in the preceding paragraph.

310. Defendants were aware of their role in the performance of these tortious acts and knowingly and substantially assisted in these principal violations, to the detriment and harm of the plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court GRANT the following relief:

A. As to all counts, Money Damages;

B. Regarding the Fifth Count, Treble Damages per C.G.S. 52-564;

C. As to all counts but the Second, Punitive Damages;

D. As to all counts but the Second, Compound Interest calculated from the date of the tortious conduct indicated herein;

E. As to all counts but the Second, Attorney's Fees;

F. As to all counts, Fiduciary Fees;

G. As to all counts, such other relief available at law or equity.

Respectfully Submitted,

PLAINTIFFS,

BY: /s/ .
Trevor J. Doyon, ct30859
Wiley Etter Doyon, LLC
97 Washington Avenue, Ste. 2
North Haven, CT 06473
Telephone: (203) 446-4725
Facsimile: (203) 889-0193

# EXHIBIT A

| DECREE GRANTING ADMINISTRATION OR PROBATE OF WILL PC-260 REV. 1/13 | STATE OF CONNECTICUT COURT OF PROBATE |
|---|---|

**COURT OF PROBATE,** Branford - North Branford Probate Court     **DISTRICT NO. PD35**

**ESTATE OF**

Paul E Planz (18-00221) DECEASED

| FIDUCIARY'S NAME AND ADDRESS | POSITION OF TRUST |
|---|---|
| Paul E Planz, II, 29 Edward Street, East Haven, CT 06512 | Administrator |

At a court of probate held at the place and time of hearing set by the court, together with any continuances thereof, as of record appears, on the petitioner's application for letters of administration be granted on said estate, all as in the application more fully appears.

PRESENT: Hon. Frank J. Forgione

After due hearing, THE COURT FINDS that:

The above-named decedent died on the following date September 04, 2017, domiciled at the time of death at The Hearth at Gardenside, 173 Alps Road, Branford, CT 06405 and having estate whereof administration appertains to this court, and administration of the estate ought to be granted.

Notice was given in accordance with any order of notice previously entered.

The fiduciary named above has accepted the position of trust designated above.

And it is ORDERED AND DECREED that:

    The application is approved, administration of the estate is granted to the fiduciary named above, and letters of administration are hereby issued to the fiduciary.

    The court dispenses with the requirement of a probate bond as the assets of the estate are less than $20,000.00.

And it is further ORDERED AND DECREED that:

    Within two months from the date hereof, the fiduciary shall file a true and complete inventory of all property of the estate of the deceased.

    Within six months from the decedent's date of death, the fiduciary shall file the Connecticut Estate Tax Return.

    The fiduciary is allowed twelve months within which to settle the estate.

    All claims against the above estate be presented pursuant to the provisions of C.G.S. Ch. 802b, Part VII.

*Notice of this decree be given by the judge, clerk or assistant clerk by regular mail, not more than TEN days from the date hereof.*

Dated at Branford, Connecticut, on July 10, 2018.

                                                         Frank J. Forgione, Judge

As used in this decree, the word fiduciary includes the plural, where the context so requires.

DECREE GRANTING ADMINISTRATION OR PROBATE OF WILL                      PC-260