UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **PAUL E. PLANZ, II ADMINISTRATOR FOR THE ESTATE OF PAUL E. PLANZ AND PAUL E. PLANZ, II, INDIVIDUALLY** | **CIVIL ACTION NO. 3:20-CV-161** |
| **Plaintiffs,** | |
| v. | |
| **STEPHANIE PLANZ-SALADINO, DAVID SALADINO, AND DS RECOVERY, LLC D/B/A KATY TRAIL CRYO** | **APRIL 17, 2020** |
| **Defendants.** | |

### REPORT OF PARTIES' RULE 26(f) PLANNING MEETING

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on April 17, 2020. The participants were:

Trevor Doyon on behalf of all Plaintiffs, and;

Robert Santoro for all Defendants.

I. **Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II. **Jurisdiction**

  A. **Subject Matter Jurisdiction**

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the Plaintiff and the Defendants are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Specifically, Plaintiffs are citizens of Connecticut and Defendants are citizens of Texas.

Defendants have indicated that they will be asserting a statute of limitations defense either through a motion to dismiss (implicating subject matter jurisdiction) and/or a motion for summary judgment.

### B. Personal Jurisdiction

Personal jurisdiction over Plaintiffs and Defendants is not contested.

### III. Brief Description of Case

#### A. Claims of Plaintiff:

This is an action for breach of fiduciary duty, negligence, unjust enrichment, conversion, civil theft (C.G.S. 52-564), intentional interference with expected inheritance and fraud against Defendant Stephanie Planz-Saladino's with respect to her unlawful depletion of $692,515.02 of the decedent's Fidelity accounts through exploiting her fiduciary powers to her personal benefit and that of her co-defendants. To this end, the eighth count puts forth claims against versus David Sandino and DS Recovery, LLC for aiding and abetting Planz-Saladino in undertaking the above tortious activities. Plaintiffs seeks compensatory, statutory, and punitive damages.

#### B. Defenses of Defendants:

Defendants deny the allegations propounded by the Plaintiffs and assert special defenses sounded in subject matter jurisdiction / statute of limitations.

### IV. Statement of Undisputed Facts

Undersigned counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  At this early stage in the litigation, the parties have agreed to the material fact that Defendant Planz-Saladino was appointed power of attorney to the Fidelity account(s) in question and that Planz-Saladano and Paul Planz II were the beneficiaries to said account(s).

V. **Case Management Plan**

   A. **Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

   B. **Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

   C. **Early Settlement Conference**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice and agree that an early settlement conference is warranted.

2. The parties therefore request an early settlement conference at the Court's discretion.

3. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

   D. **Joinder of Parties and Amendment of Pleadings**

Plaintiff has until May 17, 2020 to file motions to join additional parties or to amend the pleadings.

Defendant has until June 17, 2020 to files motions to join additional parties or to amend the pleadings.

### E. Discovery

1. The parties anticipate that discovery will be needed with respect to the financial documents surrounding the accounts in question and the expenditures claimed.

2. All discovery, including voluntary disclosures, depositions of expert witnesses (if any) pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by May 17, 2020 and completed (not propounded) by December 5, 2020.

3. Discovery will be conducted in phases.

4. Discovery on fact issues will be completed by September 17, 2020.

5. Plaintiff's do not know how many depositions they will need to take until further discovery is completed, and reserve their right accordingly. At the very least, they will require the deposition of the Defendant's themselves. appropriately appointed representative(s). Defendants anticipate that they will require a deposition of Paul Planz II. All Fact witness depositions will be completed by September 1, 2020.

6. Plaintiffs and Defendants do not request permission to serve more than 25 interrogatories at this time and do not anticipate doing so in the future.

7. Plaintiffs anticipate that they will be calling experts at trial and propounds that opposing counsel will be provided with their designation and reports pursuant to Fed. R. Civ. P. 26(a)(2) by September 1, 2020. Depositions of any such experts will be completed by October 1, 2020.

8.   Defendants do not yet know if they will call any experts at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 1, 2020. Depositions of any such experts will be completed by November 1, 2020.

9.   A damages analysis will be provided by any party who has a claim or counterclaim for damages by December 1, 2020.

10.   Undersigned counsel have attempted to discuss the disclosure and preservation of electronically stored information relevant to this action.  The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:  Neither party will delete any electronically stored information that is known or believed to be relevant to any party's claims, and will take reasonable steps to preserve all such information.

11.   Undersigned counsel have attempted to discuss discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree to abide by the Federal Rules of Civil Procedure and Local Rules.

### F. Dispositive Motions

Dispositive motions will be filed on or before December 9, 2020.

### G. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by:  January 9, 2021 if no dispositive motion is filed; or, in the event a dispositive motion is filed, within 30 days of the adjudication of such motion.

### VI.   Trial Readiness

The case will be ready for trial by four weeks after the submission of the Joint Trial Memorandum.

As officers of the Court, the undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully submitted,

_____/s/_____
Trevor J. Doyon, ct30859
Wiley Etter Doyon, LLC
97 Washington Avenue, Ste. 2
North Haven, CT 06473
Telephone: (203) 446-4725
Facsimile: (203) 889-0193


__/s/_____
Robert Santoro, ct30528
Andrew S. Knott
Knott & Knott, LLC
325 South Main Street
Cheshire, CT 06410
Telephone: (203) 271-3031
Facsimille: (203) 272-5388